Declaration Re: Entry of Order without Hearing Pursuant to
Local Bankruptcy Rule 9013-1(o) - *Page 1*

In re  **Empire Land LLC,** *et al.*                                        Case No.   **6:08-14592 MJ**

                                              Debtor(s)           Chapter   **7**

| Attorney or Party Name, Address, Telephone & Fax Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| MICHAEL I. GOTTFRIED (State Bar No. 146689)<br>SHARON M. KOPMAN (State Bar No 164449)<br>1801 Century Park East, Suite 1460<br>Los Angeles, California 90067<br>Telephone: (310) 557-0050<br><br>*Counsel for Richard K. Diamond, Chapter 7 Trustee* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    **Empire Land, LLC,** *et al.,*<br><br><br>                                              Debtor(s). | CHAPTER __7__<br><br>CASE NUMBER 6:08-14592 MJ<br><br><br>(No Hearing Required) |
|---|---|

### DECLARATION RE: ENTRY OF ORDER WITHOUT HEARING
### PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)

1.  I am the ☐ Movant    ☒ Movant's Attorney in this matter and hereby declare as follows:

2.  On: <u>**September 15, 2009**</u>, Movant filed a motion entitled: **NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE TO APPROVE STIPULATION WITH WACHOVIA BANK, NATIONAL ASSOCIATION AS AGENT FOR THE LENDERS PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF RICHARD K. DIAMOND, ESQ. IN SUPPORT THEREOF.** (Docket No. 783)

3.  A copy of the motion and notice of motion is attached hereto as <u>Exhibit A</u>.

4.  Pursuant to Local Bankruptcy Rule 9013-1(o), the motion was served by mail on: <u>**September 15, 2009**</u>, together with a notice stating that any party objecting to the motion has 15 days within which to file and serve any written objection and request a hearing on the above motion.

5.  More than __**15**__ days have passed since the service address specified in the notice.

6.  No objection has been timely served on Movant at the address specified in the notice. Therefore no hearing is required.

7.  The proposed Order is submitted herewith.

WHEREFORE, Movant requests that the Order granting the relief requested in the motion be signed and entered forthwith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at <u>Los Angeles</u>, California.
Dated: **October 7, 2009**

**Michael I. Gottfried**                                   _____
*Type Name of Declarant*                                  *Signature of Declarant*

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                **F 9013-1.9**

# EXHIBIT A

1    MICHAEL I. GOTTFRIED (State Bar No. 146689)
     SHARON M. KOPMAN (State Bar No 164449)
2    LANDAU & BERGER LLP
     1801 Century Park East, Suite 1460
3    Los Angeles, California 90067
     Telephone: (310) 557-0050
4    Facsimile: (310) 557-0056

5    Counsel for Richard K. Diamond,
       Chapter 7 Trustee

6

7                    UNITED STATES BANKRUPTCY COURT

8               FOR THE CENTRAL DISTRICT OF CALIFORNIA

9                          RIVERSIDE DIVISION

10

| 11 | In re | Bk. No. 6:08-14592 MJ |
| 12 | EMPIRE LAND, LLC, et al.[1], | Chapter 7 |
| 13 | Debtors. | [Jointly Administered with Case Nos.: 08-14599, 08-14604, 08-14608, 08-14611, 08-14613, 08-14614, and 08-14615] |

| | |
|---|---|
| ☐ Affects All Debtors | **NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE TO APPROVE STIPULATION WITH WACHOVIA BANK, NATIONAL ASSOCIATION AS AGENT FOR THE LENDERS PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF RICHARD K. DIAMOND, ESQ. IN SUPPORT THEREOF** |
| ☐ Affects EMPIRE LAND, LLC | |
| ☐ Affects AVIAT HOMES, L.P. | |
| ☐ Affects EMPIRE CONSTRUCTION, L.P. | |
| ☐ Affects EMPIRE GLOBAL HOLDINGS, L.P. | |
| ☒ Affects EMPIRE RESIDENTIAL CONSTRUCTION, L.P. | |
| ☐ Affects EMPIRE RESIDENTIAL SALES, L.P. | [No Hearing Required Per Local Bankruptcy Rule 9013-1(o)(1)] |
| ☐ Affects PRESTIGE HOMES, L.P. | |
| ☐ Affects WHEELER LAND, L.P. | |

27   ───────────────
[1] The Debtors are: Empire Land, LLC., Aviat Homes, L.P., Empire Construction, L.P., Empire Global Holdings,
28   L.P., Empire Residential Construction, L.P., Empire Residential Sales, L.P., Prestige Homes, L.P., and Wheeler
     Land, L.P.

LANDAU & BERGER
LLP

**Exhibit A**
**2**

1    **PLEASE TAKE NOTICE** that Richard K. Diamond, Esq., the Chapter 7 Trustee, (the

2    Trustee") for the estate of debtor Empire Residential Construction, L.P. (the "Debtor" or "ERC")

3    has filed this motion ("Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy

4    Procedure ("Bankruptcy Rules") seeking an order of the Bankruptcy Court: (i) approving the

5    *Stipulation By And Between The Chapter 7 Trustee On Behalf Of The Debtor Empire Residential*

6    *Construction, L.P. 'S Estate On The One Hand And Wachovia Bank, National Association As*

7    *Agent For The Lenders On The Other Hand Regarding The Segregated ERC Proceeds From The*

8    *Sale Of Certain Water Rights* ("Stipulation"); and (ii) approving the disbursement of $175,000 to

9    Wachovia Bank, National Association and the remaining balance of the Segregated ERC

10    Proceeds to ERC's estate pursuant to the terms of the Stipulation.

11    **PLEASE TAKE FURTHER NOTICE** that this Motion is and will be based upon this

12    Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the

13    Declaration of Richard K. Diamond, Esq. ("Diamond Declaration") filed in support of the

14    Motion, the pleadings and papers on file with the Court, and on such other matters as may be

15    presented to the Court at the time of the hearing on the Motion.

16    **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(o)(1)

17    requires that any response to the Motion and request for hearing shall be filed with the

18    Bankruptcy Court and served upon counsel for the Debtor at the address appearing on the upper-

19    left hand corner of the caption page to this Motion within fifteen (15) days of the date of service

20    of this Motion. Pursuant to Local Rule 9013-1(h), the failure to timely file and serve written

21    opposition may be deemed by the Court to be consent to the granting of the relief requested in

22    this Motion.

23

24    Dated: September 15, 2009          LANDAU & BERGER LLP

25

26    By:___/s/ Sharon M. Kopman_____
       Sharon M. Kopman
27                                        Counsel for Chapter 7 Trustee, Richard K. Diamond

28

LANDAU & BERGER
LLP

**Exhibit A**
**3**

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Trustee filed a Sale Motion to sell certain water rights owned by the estates of Empire Residential Sales, L.P. ("ERS") and ERC.  Wachovia Bank, National Association ("Wachovia"), on behalf of itself and five other lenders (collectively the "Lenders") alleges, and the Trustee disputes, that the Lenders have a first priority secured lien on, among other things, all personal property owned by the Debtor, including certain water rights sold pursuant to the Sale Motion (the "Lien").[2]  The Lenders claim that their Lien is based on the *Construction Deed of Trust with Assignment of Rents, Security Agreement and Fixture Filing* regarding the Quailwood TH property (the "Deed of Trust") and the related *UCC Financing Statement* (both of which are annexed to the Lenders' Objection – Docket Nos. 669 and 670).  The Trustee and the Lenders agreed to segregate the sale proceeds attributable to Property owned by ERC being sold pursuant to the Sale Motion (the "Segregated ERC Proceeds") so that the Auction and Sale could proceed.

As a result of extensive marketing efforts, several Qualified Bidders attended the Auction and the Trustee was able to increase the purchase price from the stalking horse opening bid at $355,000 cash to $735,000 cash.  Pursuant to the Sale Order entered on June 26, 2009, the Trustee placed the Segregated ERC Proceeds in a segregated account while he and Wachovia, on behalf of the Lenders, engaged in extensive, arms-length negotiations. The Lenders and the Trustee have resolved their Dispute, the terms and conditions of which are set forth in the Stipulation.  A true and correct copy of the Stipulation is attached as Exhibit 1 to the Diamond Declaration.

### II.   BACKGROUND

The underlying events relating to the Dispute are set forth in detail in the Stipulation and are incorporated herein by reference as though fully set forth herein.

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation or Sale Motion, as applicable.

LANDAU & BERGER
LLP

**Exhibit A**
**4**

III.  **ARGUMENT**

A.  The Stipulation Should Be Approved Pursuant to Bankruptcy Rule 9019

Bankruptcy Rule 9019(a) provides that "*[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.*" Fed. R . Bankr. P. 9019(a). "The bankruptcy court has great latitude in approving compromise agreements." *See Woodson v. Fireman's Fund Insur. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). The court may approve a compromise if it is "fair and equitable." *See Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir.), *cert. denied sub nom.*, *Martin v. Robinson*, 479 U.S. 854 (1986). In evaluating the fairness of a proposed compromise in the context of litigation, the court must consider: "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *In re Woodson*, 839 F.2d at 620 *quoting A & C Properties*, 784 F.2d at 1381.

The Stipulation provides that of the $379,488 Segregated ERC Proceeds, $175,000 shall be distributed to the Lenders and $204,488 shall be distributed to ERC's estate. The Stipulating Parties continue to disagree over the language in the Deed of Trust and whether the Lien extends to the Segregated ERC Proceeds, however, rather than engage in protracted litigation and expend the costs that would arise from the same, the Stipulating Parties agreed that it was in the best interests of the respective parties they represent to resolve their Dispute. The Stipulation also takes into consideration the attorneys' fees that the Trustee incurred in negotiating, marketing and documenting the sale of the water rights in Arizona pursuant to the Sale Motion.[3] The Lenders agreed to take into account the legal fees incurred in connection with any settlement of the Dispute since such expense was necessary to ensure a successful Auction. Based on the above,

---

[3]    Water rights is a very specialized area of law and the Trustee was required to retain the services of water rights counsel in Arizona, Fennemore Craig. The Trustee negotiated several modified purchase agreements with Qualified Bidders prior to the Auction and worked with Fennemore Craig to ensure that all necessary regulatory documents were filed with the Arizona Department of Water Resources in connection with the Closing of the Sale. The Trustee's extensive marketing efforts paid off considering the number of Qualified Bidders that appeared at the Auction.

LANDAU & BERGER
LLP

**Exhibit A**
**5**

4

1   the Trustee believes that the terms and conditions set forth in the Stipulation are fair and equitable

2   and in the best interests of the Debtor's estate and its creditors.

3        B.    The Court Should Authorize The Disbursement of The Segregated ERC Proceeds

4        The Trustee requests that in connection with the approval of the Stipulation, the Court

5   authorize the Trustee to disburse the Segregated ERC Proceeds as follows: (a) $175,000 to

6   Wachovia on behalf of the Lenders; and (b) the remainder of the Segregated ERC Proceeds

7   totaling approximately $204,488 to ERC's estate.

8   IV.   **CONCLUSION**

9        For the foregoing reasons, the Trustee requests that the Court enter an order: (i)

10   approving the Stipulation; (ii) authorizing the disbursement of the Segregated ERC Proceeds

11   pursuant to section III.B above; and (iii) granting such further related relief as the Court deems

12   appropriate.

13

14   DATED: September 15, 2009        **LANDAU & BERGER, LLP**

15                    By: /s/ Sharon M. Kopman

16                      Sharon M. Kopman, Esq.
Counsel for Richard K. Diamond, Esq, as

17                      Chapter 7 Trustee For The Estate Of Empire
Residential Construction, L.P.

18

19

20

21

22

23

24

25

26

27

28

LANDAU & BERGER
LLP

**Exhibit A**
**6**

### DELCARATION OF RICHARD K. DIAMOND, ESQ.

I, RICHARD K. DIAMOND, declare as follows:

 1. I was appointed as the Chapter 7 Trustee (the "Trustee") for the above-captioned Debtors' estates by Order entered on December 8, 2008.[1]

 2. I am an attorney duly licensed to practice law in the State of California, and duly admitted to practice before the United States Bankruptcy Court for the Central District of California. Except as otherwise stated, each of the facts contained in this declaration ("Declaration") is based upon my personal knowledge and if called upon to do so, I could competently testify thereto.

 3. This Declaration is made in support of the *Notice Of Motion And Motion Of Chapter 7 Trustee To Approve Stipulation With Wachovia Bank, National Association As Agent For The Lenders Pursuant To Rule 9019 Of The Federal Rules Of Bankruptcy Procedure; Memorandum Of Points And Authorities In Support Thereof* ("Motion").

 4. As set forth in detail in the Stipulation, a true and correct copy of which is attached hereto as Exhibit 1 and is incorporated by reference as though fully set forth herein, the Lenders and I disagree over the meaning of certain language in the Deed of Trust. The Lenders argue in their Objection to the Sale Motion, and I disagreed in my Reply thereto, that based on language set forth in the Deed of Trust, Lenders have a first priority secured Lien on, among other things, all personal property owned by the Debtor, including certain water rights sold pursuant to the Sale Motion. Because the Lenders and I could not resolve our dispute prior to the Sale Hearing, it was agreed that the Auction and Sale could proceed if the Segregated ERC Proceeds were segregated by me.

 5. The Sale Hearing was held and as a result of extensive marketing efforts, I was able to ensure that several Qualified Bidders attended and Overbid at the Auction and Sale. The purchase price was increased from the stalking horse opening bid of $355,000 cash to $735,000 cash. The Sale Closing with the Prevailing Bidder was on or about July 10, 2009. After the Closing, Wachovia, on behalf of the Lenders, and I, on behalf of ERC, continued to engage in

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1  good faith, arm's length negotiations regarding the Dispute.

2      6.      To date, the Lenders and I continue to disagree over the language in the Deed of

3  Trust and whether any Lien exists on the Segregated ERC Proceeds. However, rather than engage

4  in protracted litigation and expend the costs that would arise from the same, I believe it is in the

5  best interests of the Debtor's estate to resolve the Dispute. The Stipulation also takes into

6  consideration the attorneys' fees that I incurred on behalf of the Debtor's estate in negotiating,

7  marketing and documenting the sale of the water rights in Arizona pursuant to the Sale Motion.[2]

8  The Lenders agreed to take into account the legal fees incurred in connection with any settlement

9  of the Dispute since such expense was necessary to ensure a successful Auction.

10     7.      Based on the above, I believe that the terms and conditions set forth in the

11 Stipulation are fair and equitable and in the best interests of the Debtor's estate and its creditors

12 and therefore should be approved by the Bankruptcy Court.  Upon entry of an Order approving

13 the Motion, I will cause the Segregated ERC Proceeds to be distributed accordingly.

14     I declare under penalty of perjury under the laws of the United States that the foregoing is

15 true and correct.

16     Executed this 15th day of September, 2009 in Los Angeles, California.

17

18

19

20                                            Richard K. Diamond, Chapter 7 Trustee

21

22

23

24

25

26  [2]      Water rights is a very specialized area of law and I was required to retain the services of water rights counsel
    in Arizona, Fennemore Craig.  I negotiated several modified purchase agreements with Qualified Bidders prior to the
27  Auction and worked with Fennemore Craig to ensure that all necessary regulatory documents were filed with the
    Arizona Department of Water Resources in connection with the Closing of the Sale.  The extensive marketing efforts
28  paid off considering the number of Qualified Bidders that appeared at the Auction.

LANDAU & BERGER
LLP

**Exhibit A**
**8**
7

# EXHIBIT 1

1  MICHAEL I. GOTTFRIED (State Bar No. 146689)
   SHARON M. KOPMAN (State Bar No 164449)
2  LANDAU & BERGER LLP
   1801 Century Park East, Suite 1460
3  Los Angeles, California 90067
   Telephone: (310) 557-0050
4  Facsimile: (310) 557-0056

5  Counsel for Richard K. Diamond,
    Chapter 7 Trustee

6

7              UNITED STATES BANKRUPTCY COURT

8           FOR THE CENTRAL DISTRICT OF CALIFORNIA

9                    RIVERSIDE DIVISION

10

11 | In re                                    | Bk. No. 6:08-14592 MJ

12 | EMPIRE LAND, LLC, et al.[1],              | Chapter 7

13 |            Debtors.                       | [Jointly Administered with Case Nos.: 08-
                                              | 14599, 08-14604, 08-14608, 08-14611, 08-
14                                             | 14613, 08-14614, and 08-14615]

15 | ☐ Affects All Debtors                     | **STIPULATION BY AND BETWEEN
                                              | THE CHAPTER 7 TRUSTEE ON
16 | ☐ Affects EMPIRE LAND, LLC               | BEHALF OF THE DEBTOR EMPIRE
                                              | RESIDENTIAL CONSTRUCTION,
17 | ☐ Affects AVIAT HOMES, L.P.              | L.P.'S ESTATE ON THE ONE HAND
                                              | AND WACHOVIA BANK, NATIONAL
18 | ☐ Affects EMPIRE CONSTRUCTION, L.P.      | ASSOCIATION AS AGENT FOR THE
                                              | LENDERS ON THE OTHER HAND
19 | ☐ Affects EMPIRE GLOBAL HOLDINGS, L.P.   | REGARDING THE SEGREGATED
                                              | ERC PROCEEDS FROM THE SALE OF
20 | ☒ Affects EMPIRE RESIDENTIAL            | CERTAIN WATER RIGHTS**
       CONSTRUCTION, L.P.
21
   | ☐ Affects EMPIRE RESIDENTIAL SALES,
22 |     L.P.                                  | [No Hearing Required Per Local Bankruptcy
                                              | Rule 9013-1(o)(1)]
23 | ☐ Affects PRESTIGE HOMES, L.P.

24 | ☐ Affects WHEELER LAND, L.P.

25

26

27 _____
   [1] The Debtors are: Empire Land, LLC., Aviat Homes, L.P., Empire Construction, L.P., Empire Global Holdings,
28 L.P., Empire Residential Construction, L.P., Empire Residential Sales, L.P., Prestige Homes, L.P., and Wheeler
   Land, L.P.

LANDAU & BERGER
    LLP

                           **Exhibit A**
                               **10**
                           Exhibit 1
                               8

1    Richard K. Diamond, Esq., the Chapter 7 Trustee, (the Trustee") for the estate of debtor

2    Empire Residential Construction, L.P. (the "Debtor" or "ERC") on the one hand, and Wachovia

3    Bank, National Association ("Wachovia") as Agent for itself and five other lenders on the other

4    hand (collectively, the "Lenders" together with the Trustee, on behalf of the Debtor, referred to

5    herein as the "Stipulating Parties"), by and through their respective counsel of record, do hereby

6    stipulate and agree as follows:[2]

### RECITALS

7
     WHEREAS, on April 25, 2008 (the "Petition Date"), each of the above-captioned Debtors
8
     filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the
9
     "Bankruptcy Code) in the Riverside Division of the United States Bankruptcy Court for the
10   Central District of California (the "Bankruptcy Court");

11   WHEREAS, on December 8, 2008, the Debtors voluntarily converted their bankruptcy

12   cases to cases under Chapter 7 of the Bankruptcy Code;

13   WHEREAS, the Trustee was subsequently appointed as and is the duly acting and

14   qualified Chapter 7 trustee for the Debtors' estates;

     WHEREAS, on May 18, 2009, the Trustee filed the "*Chapter 7 Trustee's Motion For*
15
     *Entry Of: (I) An Order (A) Approving Bidding Procedures And Bid Protections, Including A*
16
     *Break-Up Fee, In Connection With The Sale Of Certain Personal Property; (B) Approving The*
17
     *Form And Manner Of Notice; And (C) Scheduling An Auction And Sale Hearing; And (Ii) An*
18
     *Order (A) Authorizing The Sale Of Certain Personal Property Free And Clear Of All Liens,*
19
     *Claims, Encumbrances And Other Interests; And (B) Granting Related Relief; And Memorandum*
20
     *Of Points And Authorities In Support Thereof*" ("Sale Motion") (Docket No. 648). Declarations in
21
     support of the Sale Motion were filed by the Trustee and Robert Anderson (Docket Nos. 649,
22
     650, and 666) along with the Notice of the Sale Motion that was served on required parties

     (Docket No. 652);

23   WHEREAS, on June 2, 2009, Wachovia, on behalf of the Lenders, filed an objection to

24   the Sale Motion, as amended by the Notice of Errata filed by Wachovia on that same date

25   (Docket Nos. 669 and 670)(the "Objection");

26   WHEREAS, on June 9, 2009, the Trustee filed a Reply to the Objection (the "Reply") and

27   Robert Anderson filed a declaration in support of the Reply (Docket Nos. 683 and 684);

28   _____

[2]    Capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Sale

LANDAU & BERGER
LLP

**Exhibit A**
**11**  2
Exhibit 1
9

1  WHEREAS, Lenders allege and the Trustee disputes that Lenders, pursuant to their

2  *Construction Deed of Trust with Assignment of Rents, Security Agreement and Fixture Filing*

3  regarding the Quailwood TH property (the "Deed of Trust") and the related *UCC Financing*

4  *Statement* (both of which are annexed to the Objection) have a secured, first priority lien on,

among other things, all personal property owned by ERC, including the sale proceeds from the

5  sale of ERC's water rights that were sold pursuant to the Sale Motion (the "Dispute");

6  WHEREAS, the Bankruptcy Court approved the Bidding Procedures requested in the Sale

7  Motion by Order entered on June 17, 2009 (Docket No. 691) and continued the hearing on the

8  Objection to the Sale Hearing;

9  WHEREAS, after the hearing on the Bidding Procedures, Wachovia, on behalf of

10  Lenders, and the Trustee agreed that the Sale could proceed regardless of the Dispute, provided

that, the proceeds from the Sale relating to personal property owned by ERC would be held by the

11  Trustee in a segregated account until such time as the Lenders and the Trustee could resolve the

12  Dispute.

13  WHEREAS, after a successful Auction was held where several Qualified Bidders

14  Overbid, the Sale was approved by the Bankruptcy Court by Order entered on June 26, 2009

15  ("Sale Order") (Docket No. 702).  Pursuant to such Sale Order, $379,488 of the total $735,000

16  sale proceeds from the Sale were segregated by the Trustee (the "Segregated ERC Proceeds")

17  until such Dispute could be resolved either by the Stipulating Parties or pursuant to an order by

the Bankruptcy Court.  Pursuant to the Sale Order, no encumbrances exist on the remaining

18  $355,512 balance of the sale proceeds that are not included as part of the Segregated ERC

19  Proceeds and such funds will be distributed in accordance with the Sale Order.

20  WHEREAS, after good faith, arms-length negotiations between the Stipulating Parties, the

21  Stipulating Parties have agreed to resolve their Dispute.

22  NOW, THEREFORE, the Stipulating Parties stipulate and agree as follows:

23  **STIPULATION**

24  1.    Settlement Amount: Immediately upon entry of a final, non-appealable Order by

the Bankruptcy Court approving this Stipulation, the Trustee shall distribute $175,000 of the

25  Segregated ERC Proceeds to Wachovia ("Wachovia Proceeds"), on behalf of the Lenders, in full

26  resolution of the Dispute and the Lenders shall be deemed to have withdrawn their Objection to

27  the Sale.  The remaining $204,488 balance of the Segregated ERC Proceeds will be distributed by

28  Motion.

LANDAU & BERGER
LLP

1    the Trustee to ERC's estate.

2        2.    <u>Bankruptcy Court Approval</u>: This Stipulation is subject to Bankruptcy Court

3    approval and to the extent such approval is not obtained, the terms and conditions in this

4    Stipulation shall be null and void.

5        3.    <u>No Admission by Either Party</u>: This Stipulation affects the settlement of claims

6    which are denied or contested, and nothing contained herein shall be construed as an admission

     by any party of any liability, any such liability being expressly denied.

7        4.    <u>Mutual Releases</u>.  Effective on the date the Bankruptcy Court enters a final order

8    approving this Stipulation, the Trustee, on behalf of the Debtor, and Wachovia, on behalf of the

9    Lenders, hereby forever release and discharge the other party to this Stipulation from any and all

10   actions, causes of action, claims, costs, damages, debts, demands, disputes, liabilities, losses,

11   obligations, proceedings and suits of every kind and nature, in law, equity or otherwise, whether

12   contingent or fixed, known or unknown, by reason of any event, matter, cause or thing occurring

13   from the beginning of time to the date of this Stipulation relating to the Dispute and the ERC

     Segregated Proceeds (the "Released Claims").

14       5.    <u>California Civil Code § 1542</u>.  The Stipulating Parties intend that this Stipulation

15   shall be effective as a full and final accord and satisfaction and settlement and release of every

16   Released Claim.  In furtherance of that intention, the parties acknowledge that they are familiar

17   with Section 1542 of the California Civil Code, which provides as follows:

18          A general release does not extend to claims which the creditor does not

19          know or suspect to exist in his or her favor at the time of executing the

20          release, which if known by him or her must have materially affected his or

            her settlement with the debtor.

21   The Stipulating Parties hereby abandon, release, waive and relinquish all rights and benefits

22   which they have or may have under Section 1542 of the California Civil Code with respect to the

23   Released Claims.  The parties acknowledge that they hereafter may discover facts in addition to,

24   or different from, those which they now believe to be true with respect to the subject matter of

25   this Stipulation and the Released Claims, but that, notwithstanding the foregoing, it is their

26   intention to fully, finally, completely and forever settle and release each, every and all Released

27   Claims, and that in furtherance of such intention, the releases contained in paragraph 4 of this

28   Stipulation shall be and remain effective as full and complete releases of the Released Claims,

     notwithstanding the discovery or existence of any such additional or different facts.

7.   <u>Released Claims</u>. This Stipulation relates only to the Released Claims. Nothing in this Stipulation is intended to be, and shall not be construed as, a release, waiver or modification of any other claims or defenses that the Trustee and/or the Lenders have or may have against each other, the Debtor or any other person or entity.

8.   <u>Withdrawal of Proof of Claim</u>. Upon entry of a final order approving this Stipulation and receipt of the Wachovia Proceeds, any proof of claim filed by Lenders relating to the Dispute or the ERC Segregated Proceeds in the Debtors' above-captioned bankruptcy cases shall be deemed withdrawn..

9.   <u>Entire Agreement</u>. This Stipulation represents and contains the entire agreement and understanding between the Stipulating Parties with respect to the subject matter of this Stipulation, and supersedes any and all prior or contemporaneous oral or written negotiations, agreements, and understandings. No representation, warranty, condition, understanding or agreement of any kind with respect to the subject matter hereof shall be relied on by the Stipulating Parties except those expressly contained herein.

10.   <u>Modifications</u>. No modification, amendment, or waiver of any of the provisions contained in this Stipulation, or any future representation, promise, or condition in connection with the subject matter of this Stipulation, shall be binding upon any party to this Stipulation unless made in writing and signed by the Parties to this Stipulation.

11.   <u>Severability</u>. In the event that any provision of this Stipulation should be held to be void, voidable, unlawful, or for any reason unenforceable, the remaining provisions or portions of this Stipulation shall remain in full force and effect.

12.   <u>Attorneys' Fees and Costs</u>. Each of the Stipulating Parties shall bear its own attorneys' fees and costs in connection with the negotiation, execution and implementation of this Stipulation.

13.   <u>Construction</u>. It is acknowledged that each of the Stipulating Parties participated in drafting this Stipulation. The Stipulating Parties agree that the rule of construction that ambiguities in an agreement are to be construed against the drafter shall not apply to this Stipulation.

14.   <u>Choice of Law</u>. This Stipulation shall be governed by and shall be construed in accordance with the laws of the State of California.

LANDAU & BERGER
LLP

**Exhibit A**
**14**  5
Exhibit 1
12

1    15.    Counterparts. This Stipulation may be executed in counterparts, and when each

2    signatory has signed and delivered by facsimile or email at least one such counterpart to the other

3    signatories (through their counsel), each counterpart shall be deemed an original and taken

4    together shall constitute one and the same Stipulation that shall be binding and effective as to all

5    the signatories.

6    16.    Authority. All of the undersigned Stipulating Parties hereby represent that they

7    have authority to sign this Stipulation on behalf of the entity for whom the undersigned parties are

     signing this Stipulation.

8    17.    Bankruptcy Court Jurisdiction. The Court in the above-captioned bankruptcy case

9    shall retain jurisdiction to resolve all disputes arising under this Stipulation.

10

11    DATED: September 15, 2009            **LANDAU & BERGER, LLP**

12

13                                        By:___/s/ Sharon M. Kopman_____
                                              Sharon M. Kopman, Esq.
14                                            Counsel for Richard K. Diamond, Esq, as
                                              Chapter 7 Trustee For The Estate Of Empire
15                                            Residential Construction, L.P.

16

17    DATED: September15, 2009            **REED SMITH LLP**

18

19                                        By:____/s/ Marsha A. Houston_____
                                              Marsha A. Houston, Esq.
20                                            Counsel for Wachovia Bank, N.A., as agent for
                                              the Lenders

21

22

23

24

25

26

27

28

LANDAU & BERGER
LLP

**Exhibit A**
**15**  6
Exhibit 1
13

## PROOF OF SERVICE OF DOCUMENT

I, Natalie M. Cereseto, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: Landau & Berger LLP, 1801 Century Park East, Suite 1460, Los Angeles, CA 90067.

A true and correct copy of the foregoing document described: **NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE TO APPROVE STIPULATION WITH WACHOVIA BANK, NATIONAL ASSOCIATION AS AGENT FOR THE LENDERS PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF RICHARD K. DIAMOND, ESQ. IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 15, 2009 checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On September 15, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**BY U.S. MAIL**
Honorable Meredith Jury
Riverside Division
United States Bankruptcy Court,
3420 Twelfth Street, #345
Riverside, CA 92501-3819

☒Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on__ I  served  the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Joyce.M.Marr@irscounsel.treas.gov
aaron.t.vaughan@irscounsel.treas.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 15, 2009 | Natalie Cereseto | NMCereseto |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

LANDAU & BERGER
LLP

**Exhibit A**
**16**
14

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** (Continued)

Franklin C Adams    franklin.adams@bbklaw.com,

arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com;bknotices@bbklaw.com

Thomas Scott Belden    sbelden@kleinlaw.com, srucker@kleinlaw.com;kfryer@kleinlaw.com

Richard S Berger    rberger@lblawllp.com, pbransten@lblawllp.com;aerskine@lblawllp.com

Elizabeth Berke-Dreyfuss    edreyfuss@wendel.com

Peter M Bransten    PBransten@lblawllp.com, ncereseto@lblawllp.com

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com

Scott B Cohen    sbc@engelmanberger.com

Theodore A Cohen    tcohen@sheppardmullin.com

Enid M Colson    ecolson@linerlaw.com, jbrand@linerlaw.com;lperry@linerlaw.com

Richard K Diamond    jlv@dgdk.com, rdiamond@ecf.epiqsystems.com

G Larry Engel    lengel@mofo.com

Louis J Esbin    Esbinlaw@sbcglobal.net

Timothy J Farris    timothy.j.farris@usdoj.gov

Craig S Ganz    ganzc@gtlaw.com

Christian J Gascou    cgascou@gascouhopkins.com

Robert P Goe    kmurphy@goeforlaw.com

Mark Gorton    mgorton@mhalaw.com, ssmith@mhalaw.com

Michael I. Gottfried    mgottfried@lblawllp.com, aerskine@lblawllp.com

Adam M Greely    agreely@galfinpasson.com

Kelly C Griffith    bkemail@harrisbeach.com

Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com

Kenneth Hennesay    khennesay@allenmatkins.com

Marsha A Houston    mhouston@reedsmith.com

Peter L Isola    peterisola@dwt.com

Robbin L Itkin    ritkin@steptoe.com

Wayne E Johnson    wayne@waynejohnsonlaw.com

Sharon M Kopman    skopman@lblawllp.com, skopman@lblawllp.com;ncereseto@lblawllp.com

Mark J Krone    mk@amclaw.com

Rodger M Landau    rlandau@lblawllp.com, kmoss@lblawllp.com

Marilyn H Levin    marilyn.levin@doj.ca.gov

David Loughnot    david.loughnot@bingham.com

Candee L Lucas    laine@bindermalter.com, julie@bindermalter.com

Craig G Margulies    cmargulies@lm-lawyers.com

Scotta E McFarland    smcfarland@pszjlaw.com, smcfarland@pszjlaw.com

Breck E Milde    bmilde@terra-law.com

Elissa Miller    emiller@sulmeyerlaw.com

William Novotny    william.novotny@mwmf.com

Mary E Olden    molden@mhalaw.com, akauba@mhalaw.com

J Alexandra Rhim    arhim@buchalter.com, smartin@buchalter.com

Karen Rinehart    krinehart@omm.com

Christopher O Rivas    crivas@reedsmith.com

Julie H Rome-Banks    julie@bindermalter.com

Martha E Romero    Romero@mromerolawfirm.com

Kenneth N Russak    krussak@frandzel.com, efiling@frandzel.com;banderson@frandzel.com

Robert M Saunders    rsaunders@pszjlaw.com, rsaunders@pszjlaw.com

Mark C Schnitzer    mschnitzer@rhlaw.com

Randye B. Soref    rsoref@buchalter.com, IFS_filing@buchalter.com

James Stang    jstang@pszjlaw.com

United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

Martha A Warriner    mwarriner@rhlaw.com

Steven Werth    swerth@kayescholer.com

Dean A Ziehl    ,dziehl@pszjlaw.com

Aleksandra Zimonjic    azimonjic@lblawllp.com, azimonjic@lblawllp.com;kmoss@lblawllp.com

**Exhibit A**
**17**

LANDAU & BERGER
LLP

### Limited Notice List

| | | |
|---|---|---|
| Timothy Farris<br>Office of the U.S. Trustee<br>Loring Building<br>3685 Main Street, Suite 300<br>Riverside, CA 92501 | Debtors<br>Larry R. Day<br>Empire Land, LLC<br>1809 Excise Avenue, Suite 208<br>Ontario, CA 91761 | Special Counsel to Debtor<br>O' Melveny & Myers LLP<br>400 South Hope Street, 10th Floor<br>Los Angeles, CA 90071 |
| Filiberto Agusti<br>Joshua Taylor<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue NW<br>Washington DC 20036 | Palmdale/ Anaverde, Stephen L. Millham;<br>Brian Veit<br>c/o Farallon Capital Management, L.L.C.<br>One Maritime Plaza, Suite 2100<br>San Francisco, CA 94111 | Counsel to CW Capital<br>Richard Havel, M. Scott Cooper<br>Hadley Van Vactor<br>Sidley & Austin<br>555 West Fifth Street |
| Jeffrey Meith, Esq.<br>Counsel to OPUD<br>Minasian, Spruance, Meith, Soares &<br>Sexton, LLP<br>P.O. Box 1679<br>Oroville, CA 95965 | IndyMac Bank<br>Attn: Greg Shamlian<br>155 N.Lake Ave., LK-11-19<br>Pasadena, CA 91101 | SAC/NEA<br>Pircher, Nichols & Meeks<br>1925 Century Park East, Suite 1700<br>Los Angeles, CA 90067 |
| Filiberto Augusti, Esq.<br>Joshua Taylor, Esq.<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036 | Pat Trendacosta<br>Frandzel Robins et al<br>6500 Wilshire Blvd 17th Floor<br>Los Angeles, CA, 90048-4937 | Nate Akiva<br>Pircher Nichols & Meeks<br>1925 Century Park East, Suite 1700<br>Los Angeles, CA 90067 |
| Martin Holiday<br>10803 Hillside Road.<br>Alta Loma, CA 91737 | Michael Buckley<br>Reed Smith LLP<br>1999 Harrison Street, 24th Floor<br>Oakland, CA 94612 | Wheeler Park Development Asignee<br>Olivehurst Public Utility District<br>Attn : General Manager<br>Olivehurst Public Utility District<br>P.O. Box 670<br>Olivehurst, CA 95691 |
| Lennar Homes<br>700 NW 107th Avenue<br>Suite 400<br>Miami, FL 33172 | Pomona First Federal Bank & Trust<br>Attn: Anne Valdez, Special Assets Dept<br>9467 Milliken Ave.<br>PO Box 2729<br>Rancho Cucamonga, CA 91729-2729 | Secured Lenders |
| Cadim Note inc.<br>c/o corporate secretary<br>1000 Jean Paul Riopelle<br>Suite A-300<br>Montreal, Quebec, Canada, H2Z2B6 | CW Capital, LLC<br>Attn: Kim Vo<br>63 Kendrick Street<br>Needham, MA 02494 | KeyBank<br>Attn: Jeff V. Aycock, Sr. Banker<br>1200 Abernathy Rd. NE Suite 1550<br>Atlanta, GA 30328 |
| Robert Mitchell<br>IndyMac Bank<br>1 Banting<br>Irvine, CA 92618 | Cadim Note inc.<br>1000, place Jean Paul-Paul-Riopelle<br>Bureau A-300<br>Montreal, Quebec H2Z 2B6<br>Attention.: Marisa Giannetti | Residential Funding Bank<br>c/o David Flavin, CFO, Vice President<br>GMAC ResCap<br>One Meridian Crossing, Suite 100<br>Minneapolis, MN 55423 |
| | Tyson M. Shower<br>McDonough Holland & Allen PC<br>555 Capitol Mall 9FL<br>Sacramento, CA, 95814 | CW Capital, LLC<br>c/o CWCapital Asset Management LLC<br>701 13th Street, N.W., Suite 1000<br>Washington, DC 20005<br>Attention: Amelia Hoffman, Esq. |

**Exhibit A**

**18**

**Consolidated Twenty Largest**

Allan E. Seward Engineering
27825 Smyth Drive
Valencia, CA 91355

Cadim Note inc.
c/o CWCapital LLC
63 Kendrick Street
Needham, MA 02494
Attn.: Mr. James Schroeder

Brockmeier Engineers, Inc
1304 Olympic Blvd.
Santa Monica, CA 90404-3726

ArchaeoPaleo Resource Management, Inc.
13368 Beach Ave.
Marina Del Rey, CA 90292

Robert S. Pecharich
Boyle Pecharich Cline Whettington & Stalling
PLLC
Box 1191
Prescott, AZ 86302-1191

Clear Channel Outdoor
File # 30005
PO Box 60000
San Francisco, CA 94160-0001

Campbells Carpets Inc
825 Chadbourne Rd
Fairfield, CA 94534

Courtney McAlister
K. Hovnanian Homes
1375 Exposition Blvd #300
Sacramento, CA, 95815

Danielian Associates
60 Corporate Park
Irvine, CA 92606

Creative Touch Interiors
1720 E Grant Street
Phoenix, AZ 85034

KB Homes
Jess R. Bressi, Esq.
Cox, Castle & Nicolson LLP
19800 MacArthur Blvd., Suite 500
Irvine, CA 92612-2435

Dependable Sheet Metal
1855 N. First Street, Suite A
Dixon, CA 95620

David Taussig & Associates
1301 Dove Street #600
Newport Beach, CA 92660

Brennan Electric, Inc
460 S. Stoddard Avenue
Suite #3
San Bernardino, CA 92401

GeoSyntec Consultants, Inc.
5901 Broken Sound Parkway NW
Suite 300
Boca Raton, FL 33487-2775

Forma Engineering, Inc.
10814 Reseda Blvd.
Northridge, CA 91326

DK Associates, Inc.
1440 Maria Lane, Suite 200
Walnut Creek, CA 94596

Golden State Fence Co.
870 N Main Street
Riverside, CA 92501

GeoTek
6835 Escondido St., Suite A
Las Vegas, NV 89119

Foster, Terry A.
PO Box 901867
Palmdale, CA 93590-1867

Henderson Masonry & Concrete
c/o Coface Collection North America Inc.
P.O. Box 8510
Metairie, LA 70011-8510

Griffith Company
12631 E. Imperial Highway Suite F230
Santa Fe Springs, CA 90670

Gibson & Skordal, LLC
2277 Fair Oaks Blvd., Ste. 105
Sacramento, CA 95825

Ignace Brothers Inc.
P.O. Box 30096
Flagstaff, AZ 86003-0096

H.L. Chapman Pipeline Construction, Inc.
9250 F.M. 2243
Leander, TX 78641

Jose Somera
Griffin Dewatering Corporation
536 E. Maitland St.
Ontario, CA. 91761

Jowell's Cabinets, Inc.
P.O. Box 25446
Prescott Valley, AZ 86312

Charlie Simpson
Insite Environmental, Inc
6653 Embarcadero Dr.,Ste.Q
Stockton, CA 95219

HSBC Business Solutions
PO Box 5239
Carol Stream, IL 60197-5239

**Exhibit A**
**19**

17

Leonard's Carpet Service, Inc.
1121 N. Red Gum Street
Anaheim, CA 92806

Kasl Consulting Engineers, Inc
7777 Greenback Lane, Suite 104
Citrus Heights, CA 95610

Janco Industries, Inc.
37893 Von Euw Common
Fremont, CA 94536

Mission Pools
755 West Grand Ave.
Escondido, CA 92025

Manpower-Arizona
21271 Network Place
Chicago, IL 60673-1212

L & L Environmental, Inc.
700 E. Redlands Blvd. Ste. U
Redlands, CA 92373-6168

Murrieta Development Co., Inc.
42540 Rio Nedo Rd
Temecula, CA 92590

Mon-May Enterprises
2678 S. Lilac Ave
Bloomington, CA 92316

Meyer, Mohaddes Associates, Inc.
Dept #2123
Los Angeles, CA 90084-2123

Pinnacle Builders Inc.
3620 Industrial Blvd., Ste. 10
West Sacramento, CA 95691

MTW Group-Tsuboi-Mamuyac & Ass
10411 Old Placerville Road, Suite 205
Sacramento, CA 95827

Robert Gonzalez, President
Mon-May Framing Corp
8075 Terraza Court
Riverside, CA 92508

R.B.F. Consulting
40810 Country Center Drive
Suite 100
Temecula, CA 92591-6022

Pacific Utility Installation,
149 Via Trevizio
Corona, CA 92879

Northpoint Security Services
2063 Main Street #106
Oakley, CA 94561

Sikand Engineering Associates
15230 Burbank Blvd., #100
Van Nuys, CA 91411

Pacific Advanced Civil Engineer
17520 Newhope Street, Suite 200
Fountain Valley, CA 92708

Paul Johnson Drywall
P.O. Box 4337
Prescott, AZ 86302

Tristan Engineering Contractor
2831 S. Industrial Drive
Bloomington, CA 92316

R.T. Frankian & Associates, Inc.
1329 Scott Road
Burbank, CA 91504

Perlman Architects of AZ Inc.
4150 N. Drinkwater Blvd Ste. 240
Scottsdale, AZ 85251

West Coast Engineering Construction
40757 11th Street West
Palmdale, CA 93551

Slater, Inc.
P.O. Box 759
Fontana, CA 92334

Richard Lopez Construction
250 Rincon St., Ste. 108
Corona, CA 92879

Robert Max Lind
1565 Idylwild
Prescott, AZ 86305

Fortress, Inc.
18521 E. Queen Creek Rd. Ste. 105
Queen Creek, AZ 85142-5867

Total Concept Landscape Architecture, Inc
27905 Smyth Drive
Valencia, CA 91355-4034

Hanson Aggregates Arizona, Inc.
P.O. Box 730510
Dallas, Texas 75373-0510

Lyon Engineering and Development
3623 Crossings Drive
Prescott, AZ 86305

SM Painting Co., Inc.
5825 Switchback Trail
Flagstaff, AZ 86004

**Exhibit A**
**20**

M & M Plumbing, Inc.
6782 Columbus Ave.
Riverside, CA 92504

Bullock's Travel
1780 E. Ville Drive, Suite A
Cottonwood, CA 86326

Sab Takehara
MTWgroup
10411 Old Placerville Road, Suite 205
Sacramento, CA 95827

CB Richard Ellis
Attn: Carole Sullivan
6150 Stoneridge Mall Road, #175
Pleasanton, CA 94588

Service Rock Products, Inc.
c/o William J. Crawford, Esq.
Crawford & Bangs LLP
1290 E Center Court Dr
Covina, CA 91724

Triple H Excavation, LLC.
PO Box 26399
Prescott Valley, AZ 86312

Alan H. Martin, Esq.
Shepperd, Mullin, Richter & Hampton LLP
650 Town Center Drive, 3rd Floor
Costa Mesa, CA 92626

**Attorneys for HL Chapman Pipeline**
Eric L. Walberg, Esq.
Jones, Skelton & Hochuli, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012

Nadel Retail Architects LLP
Richard Hampel Gen. Mgr
1990 South Bundy Dr., 4th Floor
Los Angeles, CA 90025

Robertson's Ready Mix, Ltd.
Robert M. Binam, Esq.
Law Offices of Robt. M. Binam
200 S. Main Street #200
Corona, CA 92882

**Attorneys for Angelus Block Co., Inc.**
Jon Cantor
K. Lynn Finateri
Dykema Gossett LLP
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Western Technologies, Inc.
Jeffrey R. Parker, Esq.
3737 East Broadway Road
Phoenix, AZ 85040-2966

Shasta Fire Protection, Inc.
c/o Thomas G. Styskal, Esq.
Kinley and Styskal
2600 Walnut Ave., Suite E
Tustin, CA 92780-7032

Glenn Lukos Associates, Inc.
29 Orchard
Lake Forest, CA 92630-8300

Arizona Home Centers
676 N. 6th Street
Prescott, AZ 86301

KASL Consulting Engineers, Inc.
Leach & Mcgreevy LLP
2833 Laguna Street
San Francisco, CA 94123

Los Angeles County Treasurer and Tax
Collector
P.O. Box #54110
Los Angeles, CA 90054-0110

Agassiz Landscape Group LLC
P.O. Box 147
Flagstaff, AZ 86002

**Attorneys for Del Rey Lathing, Inc.**
Norman A. Filer, Esq.
Law Offices of Norman A. Filer
500 North State College Blvd., Suite 1270
Orange, CA 92868

Jimm Welch
Valley Utility Services
1779 Tribute Road, Suite B
Sacramento, CA 95815

RCR Companies (L.A. Division)
40015 Sierra Highway B150
Palmdale, CA 93550

**Attorneys for Mission Pools of Escondido**
Michael A Friedrichs
White and Bright, LLP
970 Canterbury Place
Esconcido, CA 92025

Ron and John Oneto
7407 Grenfell Ct.
Elk Grove, CA 95758

R.C. Wendt Painting
21612 Surveyor Circle
Huntington Beach, CA 92646

Kern County Treasurer and Tax Collector Office
Attention: Bankruptcy Division
c/o Angelica Leon
P.O. Box 579
Bakersfield, CA 93302-0579

Franchise Tax Board
Bankruptcy Unit
P. O. Box 2952
Sacramento, CA 95812-2952

**Attorneys for KeyBank National Assoc.**
Marc S. Cohen
Kaye Scholer LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067

**Attorney for Thunder Mountain
Enterprises**
Aldo Branch
Attorney at law
P.O. Box 5940
San Jose, CA 95150

**Attorneys for Mon-May Enterprises
and Mon-May Framing**
Michelle Chiongson
Hines Smith Carder
3080 Bristol Street, Suite 540
Costa Mesa, CA 92626

**Douglas P. Checketts**
Vice President
KeyBank Asset Recovery Group
36 South State Street, 25th Floor
Salt Lake City, UT 84111

Exhibit 6A
21

Aspen Hills Community Association
23640 N Street, Suite E27
Riverside, CA 92518

Financial Advisor to Chapter 7 Trustee
Kerry Krisher
GlassRatner Advisory & Capital Group, LLC
18500 Von Karman Ave., Suite 390
Irvine, CA 92612

Attys for Construction Protective Svcs
Richard J. Wittbrodt,, Christopher E. Ng
Gibbs, Giden, Locher, Turner & Senet
1880 Century Park East , 12th Floor
Los Angeles, CA 90067-1621

**Attorneys for Bond Safeguard Insurance**
Mark E. Aronson, Esq.
Anderson, McPharlin & Connors LLP
444 South Flower Street, Thirty-First Floor
Los Angeles, CA 90071-2901

James & Sandra Brines
742 S. Wandering River Road
Cornville, AZ 86325-4803

**Attorneys for Leonard's Carpet Service**
Charles W. Parret
King Parret & Droste LLP
450 Newport Center Drive, Suite 500
Newport Beach, CA, 92660

**Real Estate Broker**
Brian Carricaburu
Park Place Partners, Inc.
8105 Irvine Center Dr., Suite 1460,
Irvine, California 92618

Internal Revenue Service
IRS – Los Angeles
300 N. Los Angeles St.
Los Angeles, CA 90012

Pima County Treasurer
Patti Davidson
Chief Deputy Treasurer
115 North Church Avenue
Tucson, AZ 85701

Chapter 7 Trustee
Richard K. Diamond, Esq.
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067

PFF Bank & Trust
Linda J. Berberian
9337 Milliken Avenue
Post Office Box 2789
Rancho Cucamonga, California 91729-2789

Michael s. Greger
Allen Matkins Leck Gamble Mallory & Natsis
1900 Main Street, Fifth Floor
Irvine, CA 92614-7321

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

**Attorneys for Pacific Utility Installation, Inc.**
Maurice Wainer
Snipper, Wainer & Markoff
270 N. Canon Drive, Penthouse
Beverly Hills, CA 90210

William N. Cohen
ValleyCrest Landscape Development, Inc.
24151 Ventura Boulevard
Calabasas, CA 91302

Majory Gentry
Peter Obstler
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

**Attorneys for ValleyCrest Landscape
Development, Inc.**
Richard Capella, Esq. and Zach Wadle
Morris Polich & Purdy
1055 West 7th Street, 24th Floor
Los Angeles, CA 90017

Cindy Ferrin, Manager
Development Services
Arizona Department of Real Estate
2910 N. 44th Street, Suite 130
Phoenix, Arizona 85018

**San Bernadino County Recorder**
ATTN: Risk Mangement
222 West Hospitality Lane
San Bernardino, CA 92415-0022

**Attorneys for Martin Holiday**
Mark John Tundis
Attorney at Law
984 W. Foothill Boulevard, Suite A
Upland, CA 91786

Goodwin Procter LLP
10250 Constellation Boulevard, 21st Floor
Los Angeles, CA 90067-6221
Attention: Robert Haight, Esq.

**Exhibit A**
**22**

20

Declaration Re: Entry of Order without Hearing Pursuant to
Local Bankruptcy Rule 9013-1(o) - *Page 23*

In re  **Empire Land LLC,** *et al.*

Debtor(s)

Case No.    **6:08-14592 MJ**
Chapter    **7**

## PROOF OF SERVICE OF DOCUMENT

I, Natalie M. Cereseto, am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action.  My business address is: Landau & Berger LLP, 1801 Century Park East, Suite 1460, Los Angeles, CA 90067.

A true and correct copy of the foregoing document described: **DECLARATION RE: ENTRY OF ORDER WITHOUT HEARING PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(o)** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 7, 2009, I checked the CM/ECF docket for this bankruptcy case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Richard K Diamond**    jlv@dgdk.com, rdiamond@ecf.epiqsystems.com
**Timothy J Farris**   timothy.j.farris@usdoj.gov
**United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov

☐   Service information continued on attached page.

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On October 7, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**BY U.S. MAIL**
Honorable Meredith Jury
Riverside Division
United States Bankruptcy Court,
3420 Twelfth Street, #345
Riverside, CA 92501-3819

‾   Service information continued on attached page.

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: **October 7, 2009**

Natalie M. Cereseto
*Typed Name*

*N M Cereseto* (signature)
*Signature*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-1.9**